HENRY HOLDEN ET AL., APPELLANTS, v. BOARD OF EDU-
CATION OF KEARNY ET AL., RESPONDENTS.

Argued June 17, 1913—Decided October 17, 1913.

On appeal from the Supreme Court, in which court the
following opinion was filed:

SWAYZE, J. At the time of the decision of the Court of
Errors and Appeals in *Kay* v. *Board of Education of Kearny,*
54 *Vroom* 551, the school house was partially completed.
Further work was halted by the judgment of the court. The
contract now under review is a contract for the completion
of the building. .

I think the approval of the plans and specifications for the
school house by the state board sufficed and that it was not
necessary to secure a further approval of the plans and speci-
fications for the completion of the unfinished work, as long
as no change was made thereby in the original plans and
specifications. It would be mere idle ceremony for the state
board to approve once more what they had already approved.
The approval of the original plans and specifications must
have included the work now proposed, as the whole includes
every part. Counsel for the prosecutors in his brief does not
suggest that there was any change or variation, and I think
this reason fails.

The second reason urged also fails, and for substantially the
same reasons. The total expenditure has already been sanc-
tioned by the board of school estimate. No increase of cost
is involved.

It is, however, urged that the board of education has no
power to award a contract for the completion of the building,
but can only contract for building, enlarging or repairing a
school house. It would require no great strain of language
to hold that the completion of a school house in an advanced
stage of construction was an enlarging or repairing but it is

unnecessary to rest on this language. Section 52 to which reference is made is not the section giving power to the board of education. It is the section requiring advertisement before awarding the contract. The power is given by section 126, which makes it the duty of the school board to provide suitable school facilities, which are to include proper school buildings. I can think of no better way to do this than to proceed to complete a building already owned by the board of education. As counsel for the defendant forceably argues, it cannot be that the board cannot complete a building which has been abandoned by the contractor or which he is unable to finish by reason of bankruptcy. I cannot accede to the suggestion of counsel for the prosecutor that this opens the door to the award of a contract illegally, and the carrying out of that illegal contract by a new contract for the finishing of the work. The question involved here is not whether the contractor under the illegal contract can recover for his work, nor whether moneys paid under that contract can be recovered. Here the board of education owns an unfinished school house on its land. Whether it acquired it legally or illegally, whether it has paid for it or not, whether any one is liable to refund money already paid therefor or not, it cannot be required to destroy or remove the existing structure, nor can the public be required to suffer the loss of the land as the alternative or equivalent to keeping it as the site of a useless building. The board may accept the building as it stands and complete it. Who shall suffer the pecuniary loss growing out of the fact that the original contract was illegal is another question that may well be settled in another form of action. To hold otherwise would put it in the power of a board of education to deprive the public of any beneficial use of public property except at the cost of removing the building thereon.

I think the writ of *certiorari* should be dismissed, with costs.

For the appellants, *Pierre P. Garven.*

For the respondents, *McCarter & English.*

PER CURIAM:

The judgment under review is affirmed, for the reasons stated in the opinion filed in the Supreme Court by Mr. Justice Swayze.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, TRENCHARD, PARKER, KALISCH, VREDENBURGH, CONGDON, TERHUNE, HEPPENHEIMER, JJ.   9.

*For reversal*—None.